FORM B104 (08/07)                                                                                          2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>BABAK MOJTAHEDZADEH | DEFENDANTS<br>THOMAS GIORDANO |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Michael Jones, CA 271574<br>M Jones & Associates, PC, 505 N Tustin Ave, Ste 105, Santa Ana, CA 92705 / 714-795-2346 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Non-dischargeability under 11 USC 523; damages for conversion and fraud

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[2] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
[3] 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 2,000,000.00 |

Other Relief Sought

FORM B104 (08/07). page 2                                                                 2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| **NAME OF DEBTOR** <br> Thomas Giordano || **BANKRUPTCY CASE NO.** <br> 8:12-bk-22973TA |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District California | **DIVISIONAL OFFICE** <br> Santa Ana | **NAME OF JUDGE** <br> Theodor Albert |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br><br> *Michael Jones* (signature) |||
| **DATE** <br> 2/25/15 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Michael Jones ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

Michael Jones, California Bar # 271574
M. Jones & Associates, PC
505 N Tustin Ave, Ste 105
Santa Ana, California 92705
Telephone: (714) 795-2346
Facsimile: (888) 341-5213

Attorneys for Plaintiff Babak Mojtahedzadeh

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In The Matter of:<br><br>THOMAS PATRICK GIORDANO,<br><br>Debtor | In Chapter 7 Proceedings<br><br>Case No. 8:12-bk-22973-TA<br><br>Adv. No. |
| BABAK MOJTAHEDZADEH,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS PATRICK GIORDANO,<br><br>Defendant. | COMPLAINT<br><br>COMPLAINT SEEKING DAMAGES IN A CORE ADVERSARY PROCEEDING FOR ACTUAL FRAUD, DAMAGES FOR BREACH OF FIDUCIARY,<br><br>AND<br><br>OBJECTING TO DISCHARGEABILITY OF DEBT UNDER 11 USC 523(a)(2)(A) AND/OR 11 USC 523(a)(2)(4) |

## INTRODUCTION

1. This action brought pursuant to 11 USC 523(a)(3) by an unnoticed creditor that seeks redress for the unlawful and fraudulent practices committed by Mr. Thomas Patrick Giordano (hereinafter "Defendant", "Debtor", or "Mr. Giordano") in connection with legal representation in a bankruptcy matter. Defendant held himself out as a capable bankruptcy attorney that was both willing and able to handle a Chapter 11 case within the bankruptcy court system in California. Defendant's conduct involves falsely representing that he would be able to competently represent Mr. Babak Mojtahedzadeh (hereinafter "Plaintiff" or "Mr. Mojtahedzadeh") in his bankruptcy case. Thereafter, Defendant induced Plaintiff to pay him no less than $37,329.00 to initiate bankruptcy proceedings. After receiving Plaintiff's $37,329.00, Plaintiff discovered that Defendant had taken Plaintiff's money being held in his trust account, and then abandoned the Plaintiff's bankruptcy case. Plaintiff seeks monetary and declaratory relief for actual fraud, breach of fiduciary, and defalcation in a fiduciary capacity to recover his $37,329.00, as well as additional money damages directly traceable to the malfeasance of the Defendant.

2. Although Defendant was indebted to Plaintiff for several thousand dollars, Plaintiff was not listed as a creditor in the main case, had no knowledge of the bankruptcy filing until recently, and was not included on the mailing matrix for the main case.

3. The original bar date in the main case to file a complaint to determine dischargeability was 19 February 2013. Plaintiff had absolutely no knowledge of the main case until long after the bar date had past, and was not notified of the bar date in the main case by Defendant, the court, or any other party. It was only through the comment of

Plaintiff's counsel, who happened to the present at Giordano's 341 Meeting of the Creditors, that Plaintiff became aware that the main case had been filed.

4. Because of this lack of knowledge of the main case, the bar date in the main case does not apply to Plaintiff. Further, due to both an actual lack of knowledge of the bankruptcy proceeding and the lack of notice to Plaintiff in the case, under 11 U.S.C. 523(a)(3), Plaintiff's debt would be exempted from Defendant's discharge, if a discharge was granted.

5. This action is also filed by Plaintiff to obtain declaratory relief granting an order of nondischargeability under 11 U.S.C 523(a)(2)(A) and/or 11 U.S.C. 523 (a)(2)(4). The basis for this determination is that Defendant has made material misrepresentations that were relied upon to the detriment of Plaintiff, specifically, that he was a competent bankruptcy attorney who would competently assist Plaintiff in his Chapter 11 case as his attorney, and that he unlawfully took Plaintiff's funds from his trust account and converted them to his own use.

6. Additionally, this action seeks to obtain an order of nondischargeability under 11 U.S.C. 523(a)(4). The basis for this determination is that Defendant agreed to act as Plaintiff's attorney of record in his bankruptcy case, and that created a fiduciary duty to Plaintiff. Defendant then breached this fiduciary duty to Plaintiff by committing fraud against Plaintiff in connection with the subject bankruptcy case, and by converting Plaintiff's money to his own use. Such conduct meets the statutory parameters for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny under 11 U.S.C. 523(a)(4), and entitles Plaintiff to an order of nondischargeability on his claims against Defendant.

7. Plaintiff also seeks an award of money damages for actual fraud, fraud in a fiduciary

capacity, and breach of fiduciary duties. The amount sought is no less than $2,000,000.00, representing the amount of money given to the Defendant, plus additional costs, expenses, and losses of businesses and real estate directly traceable to the misconduct of the Defendant.

## JURISDICTION

8. On November 9, 2012, Defendant Thomas Giordano filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Central District of California.

9. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns dischargeability of the Debtor in that case.

10. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the General Order of the United States District Court for the Central District of California (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

11. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

12. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

13. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES

14. Plaintiff is a citizen and resident of Orange County, California.

15. The Defendant is a named Debtor in the associated main bankruptcy case. Defendant is an individual person, who maintains his principal residence in Orange County, California.

## FACTS

16. The 341(a) meeting of creditors was initially held in Santa Ana, California, on January 23, 2013, and has been continued thereafter. As of the date of the preparation of this pleading, to the best of Plaintiff's knowledge and belief, the 341 meeting has not been concluded.

17. In the schedules filed by the Defendant with the petition in this case, the Plaintiff was *not* listed as a creditor or otherwise referenced in the Defendant's petition or schedules. As such, Plaintiff is an unnoticed creditor of the Defendant.

18. On or about 2009, Plaintiff hired Mr. Giordano to represent him in a Chapter 11 bankruptcy case. The goal of the case was to reduce the principle indebtedness on certain real property. A secondary goal was to discharge unsecured debt.

19. Plaintiff learned about Defendant when in early or mid 2009, Plaintiff was introduced to Mr. Ali Khodnegah who claimed to be an associated of Mr. Giordano. Acting as an agent of Mr. Giordano, Khodnegah advised Plaintiff to file for Bankruptcy to save

Plaintiff's home using Mr. Giordano's expertise. Khodnegah claimed that Defendant is an extremely capable attorney and that he had many years of experience in bankruptcy.

20. Based on representations made by Mr. Giordano, or agents of Mr. Giordano, that he was a competent Chapter 11 bankruptcy attorney, and in complete reliance of the representations made, Plaintiff hired Mr. Giordano to represent him in seeking relief as a debtor through the voluntary filing of a Chapter 11 petition.

21. As part of the representation agreement, Plaintiff initially paid to Mr. Giordano $25,000.00 with the direct and actual representation and understanding that this money would be held in his trust account on Plaintiff's behalf. The legal fees incurred in the Chapter 11 case would be billed against this amount held in trust, and disbursed only upon approval of fee applications filed with the Bankruptcy Court. Costs would also be deducted from this amount held in Defendant's trust account. A true and correct copy of the payments are attached hereto as Exhibit A.

22. Additional amounts were thereafter paid to Mr. Giordano at his prompting and in reliance on his representations stated herein. It was in complete reliance on Mr. Giordano's representations stated herein that the Plaintiff decided to retain Defendant to represent him in his Chapter 11 case, ultimately paying him a total sum of $37,329.00 to be held in Defendant's trust account for Plaintiff's benefit.

23. As the case progressed, Plaintiff provided all the required paperwork to Defendant. Plaintiff thereafter noticed that there were discrepancies between what Plaintiff had provided to Defendant, what Defendant was presenting in the case. Plaintiff attempted to contact Defendant on numerous occasions to address these issues. His phone calls went unanswered. On one occasion Plaintiff physically went to Defendant's office to discuss the discrepancies,

and found the documents he had submitted in the trashcan.

24. Plaintiff requested his case to be dismissed due to Defendant's many failures and abandonment of the case. However, his case was instead converted to Chapter 7. As a consequence of the failure of the Chapter 11 case, Plaintiff has lost real estate property and an ongoing business enterprise. As a result, the direct losses suffered by Plaintiff are at least $2,000,000.

25. Plaintiff's Chapter 11 case ultimately was completely abandoned by Mr. Giordano, and on information and belief, no substantive work was done on the case by him, other than perhaps the initial preparation of the schedules and filing of the case.

26. Plaintiff has now become aware on information and belief that Mr. Giordano had misappropriated the $37,329.00 belonging to Plaintiff from Defendant's trust account. When Defendant took this money out of his trust account, it was without court order and without Plaintiff's permission.

27. Plaintiff could not afford to hire another counsel to take over his case or to pursue the recovery of the funds.

28. Plaintiff provided Mr. Giordano with $37,329.00 to hold in trust as required by the bankruptcy code and the local rules. The funds were only to be used by Mr. Giordano when the fees and costs were approved by the court. The court never approved any fee application of Mr. Giordano in Plaintiff's Chapter 11 case, and in fact, no fee application was ever even filed in the case by him.

29. As alleged herein, Plaintiff paid $37,329.00 for Defendant to competently represent Plaintiff in his Chapter 11 case, and take his case through successful completion. Defendant

thereafter abandoned the Plaintiff's case after filing the initial documents, and was not, in fact, a competent Chapter 11 bankruptcy attorney.  Further, Defendant failed to provide any type of competent representation to the Plaintiff.

30. Defendant has also converted the $37,329.00 that was held in trust for Plaintiff's benefit, while acting in a fiduciary role as Plaintiff's attorney, by taking those funds from his trust account without Plaintiff's approval or court authorization.

31. By order of the State Bar Court of California, filed November 9, 2011, Defendant has been disbarred and is no longer eligible to practice law in the State of California.

### FIRST CAUSE OF ACTION -- ACTUAL FRAUD

32. Plaintiff incorporates paragraphs 1 through 31 as though fully set forth herein by reference.

33. As alleged herein, Plaintiff paid $37,329.00 for administration of his Chapter 11 case based on representations made by Defendant, including, but not limited to, representations that he was a competent Chapter 11 attorney and that the money paid would be held in his trust account and only paid out upon the approval of the court.

34. When Defendant made these representations, he intended for Plaintiff to rely on them.

35. Plaintiff did, in fact, rely on those representations when Plaintiff paid Defendant $37,329.00 for administration of his Chapter 11 case by Defendant, acting as his attorney.

36. However, those representations were false and Plaintiff relied on them to his detriment. Plaintiff never would have hired Mr. Giordano and paid him the $37,329.00 if he had known the true facts, which were discovered only after payment had been made to Mr. Giordano.

37. As alleged herein, the true facts were that Defendant was not a capable Chapter 11 bankruptcy attorney, and that he would not hold the money in his trust account, but instead would transfer or deposit the funds into his general account.

38. Plaintiff has suffered costs, expenses, and losses directly attributed to the fraud and malfeasance of Defendant in an amount not less than $2,000,000.00, representing the loss of the real estate holdings and ongoing business enterprise that was involuntarily liquidated and lost by Plaintiff.

39. As a result of the forgoing intentional misrepresentations alleged herein, Plaintiff has suffered special and compensatory damages in a sum according to proof, but in no case less than $2,000,000.00.

40. In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages in an amount according to proof.

### SECOND CAUSE OF ACTION -- DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY

41. Plaintiff re-alleges paragraphs 1 through 40 as though fully set forth herein.

42. As alleged herein, Defendant converted funds received from Plaintiff to use for his personal use or purposes other than handling the legal needs of Plaintiff. Defendant was not

authorized by Plaintiff, or anyone acting on behalf of Plaintiff, to take said funds for any purpose other than placing the funds in a trust fund for administration of Plaintiff's Chapter 11 case. Defendant converted said funds for his own personal benefit, and to the damage and detriment of Plaintiff. Plaintiff has demanded return of said funds, but they were not returned.

43. The conversion of the funds and actions of Defendant constitute defalcation while acting in a fiduciary capacity, including his position as Plaintiff's attorney.

44. As a result of the forgoing conversion of funds, Plaintiff has suffered special and compensatory damages in a sum according to proof.

45. In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages in an amount according to proof.

### THIRD CAUSE OF ACTION —BREACH OF FIDUCIARY DUTY

46. Plaintiff incorporates paragraphs 1 through 45 as though fully set forth herein by reference.

47. The facts alleged herein show that Defendant Giordano served as a fiduciary to Plaintiff in connection with his Chapter 11 case.

48. Defendant owed Plaintiff a fiduciary duty in connection with the subject bankruptcy because of his role as Plaintiff's attorney, and his role in handling the Plaintiff's money regarding the Chapter 11 case.

49. As alleged herein Defendant breached his fiduciary duty to Plaintiff by committing fraud against Plaintiff in connection with his representation in Plaintiff's Chapter 11 case and converting Plaintiff's money to his own use.

50. As a result of the forgoing breach of fiduciary duty by Defendant, Plaintiff has suffered past and future special damages in an amount according to proof.

51. In doing the acts herein alleged, Defendant Giordano acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages in an amount according to proof.

## FOURTH CAUSE OF ACTION – DETERMINATION OF NONDISCHARGEABILITY DUE TO ACTUAL FRAUD

52. Plaintiff incorporates paragraphs 1 through 51 as though fully set forth herein by reference.

53. Debts incurred by fraud are nondischargeable under 11 U.S.C. 523(a)(2)(A).

54. The fraudulent actions of Defendant in this case form the basis of Defendant's debt to Plaintiff.

55. Defendant is attempting to discharge his debts in the pending bankruptcy case, although he has not listed Plaintiff, as required, in Schedule F as an unsecured creditor.

56. Plaintiff is entitled to an Order that Defendant's indebtedness to Plaintiff in the amount according to proof, but in no case less than $2,000,000.00, is non-dischargeable under 11 U.S.C. 523(a)(2)(A).

# FIFTH CAUSE OF ACTION – DETERMINATION OF NONDISCHARGEABILITY ARISING FROM FIDUCIARY RELATIONSHIP

57. The allegations of paragraphs 1-56 above are realleged and incorporated herein by reference.

58. Debts incurred by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny are nondischargeable under 11 U.S.C. 523(a)(4).

59. The conversion of the money entrusted to Defendant by Plaintiff resulting in a benefit for Defendant to the detriment of Plaintiff constitutes defalcation while acting in a fiduciary capacity.

60. The conversion of the money entrusted to Defendant by Plaintiff resulting in a benefit for Defendant to the detriment of Plaintiff constitutes embezzlement while acting in a fiduciary capacity.

61. The fraudulent actions of Defendant in this case occurred in a fiduciary capacity and form the basis of Defendant's debt to Plaintiff.

62. Defendant is attempting to discharge his debts in the pending bankruptcy case, in which Plaintiff would be an unnoticed unsecured creditor.

63. Plaintiff is entitled to an Order that Defendant's indebtedness to Plaintiff on his claims in an amount according to proof, but in no case less than $2,000,000.00, is non-dischargeable under 11 U.S.C. 523(a)(4).

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendant respectfully prays of the Court as follows:

A. That Plaintiff have and recover against the Defendant a sum not less than $2,000,000.00, or such greater amount to be determined by the Court, in the form of actual damages for Fraud;

B. That Plaintiff have and recover against the Defendant a sum not less than $2,000,000.00, or such greater amount to be determined by the Court, in the form of actual damages for Breach of Fiduciary;

C. That Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

D. That Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by his attorney;

E. That any award in favor of Plaintiff and against the Defendant be determined to be nondischargeable under the appropriate provisions of 11 U.S.C. 523;

F. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated this 25 February 2015.

**M Jones & Associates, PC**
Attorneys for (Plaintiff/Defendant)

_____
Michael Jones

# EXHIBIT A

# Law Office of
# THOMAS P. GIORDANO

May 19, 2010

Babak Mojtahedzadeh
3920 N. Harbor Blvd.
Fullerton CA. 92835


Dear Mr. Mottahedzabeh:

    This letter is to acknowledge receipt of a check in the amount of $12,329.00 for professional services rendered on your case.


Very truly yours,

Thomas P. Giordano, Esq.
Attorney at Law

TPG/dc

Tel.: (714) 912-7810  Fax: (714) 912-7860  •  500 N. State College Boulevard, Suite 530  •  Orange, California 92868

